IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-50631
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BARBARA ANN LARA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-475-2

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Barbara Ann Lara appeals her conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. She contends that the district court erred when it denied her motion to suppress all evidence obtained following an investigatory stop because the stop and her resulting seizure were unconstitutional. Specifically, Lara argues that, as a passenger, she has standing to challenge the stop of the vehicle and the seizure of her person. Further, because the stop and seizure of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her person were not supported by reasonable suspicion, Lara argues that any evidence obtained as a result of the unconstitutional stop and seizure is subject to exclusion.

Because Lara did not have a possessory or privacy interest in the vehicle, the district court correctly determined that she lacked standing to challenge the search of the vehicle. See United States v. Roberson, 6 F.3d 1088, 1091 (5th Cir. 1993). Nevertheless, because the stop resulted in Lara's seizure, she did have standing to challenge the legality of the stop and the seizure of her person. See id.

"In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error, and its legal conclusions, including whether there was reasonable suspicion for a stop, are reviewed de novo." United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir. 2001). Factual findings are not clearly erroneous if they are "plausible in light of the record as a whole." Id. Further, evidence presented at a suppression hearing must be viewed in the light most favorable to the prevailing party. Id.

"A border patrol agent conducting a roving patrol may make a temporary investigative stop of a vehicle only if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity." Id. In assessing whether the stop was supported by reasonable suspicion, we consider the totality of the circumstances in light of factors set forth in United States v. Brignoni-Ponce, 422 U.S. 873, 884-85 (1975). Id.

In the present case, United States Border Patrol Agent Jose Gonzalez testified that he initially observed the vehicle on Ranch Road 334 approximately 25 miles from the Mexican border and that the vehicle had entered the United States from Mexico two days earlier. Ranch Road 334 was notoriously used by alien and narcotic smugglers to circumvent the immigration checkpoint on Highway 90 in Cline, Texas. Further, Agent Gonzalez testified that there were

no major metropolitan areas along Ranch Road 334, that the road was predominantly used by local ranch vehicles, that it was unusual for a local vehicle to be traveling on the road at 11:23 p.m. on a weeknight, that he did not recognize the vehicle in which Lara was traveling, that the vehicle was not equipped for ranch work, and that the vehicle was riding low. Given the totality of the circumstances, the district court did not err in denying Lara's motion to suppress. See Jacquinot, 258 F.3d at 427-29. Accordingly, the district court's judgment is AFFIRMED.